FILED
2020 Apr-30  PM 04:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| CENTAURI SPECIALTY INSURANCE COMPANY | * | CIVIL ACTION NO: |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| KAYLA SAFFORD | * | |
| | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW INTO COURT, comes Plaintiff, Centauri Specialty Insurance Company, ("Centauri"), and files this Complaint for Declaratory Judgment against Defendant, Kayla Safford, and respectfully avers:

## I.
## PARTIES

1. Centauri is a foreign corporation organized under the laws of the State of Florida with its principal place of business in Florida.

2. Defendant, Kayla Safford, is an individual domiciled in the State of Alabama and within the territorial jurisdiction of this Court.

## II.
## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and

{B1224843.1}

§ 2201, *et seq.* This matter involves an insurance coverage dispute between a Florida insurance company with its principal place of business in Florida against an individual domiciled in the State of Alabama. There is complete diversity of citizenship between Plaintiff and Defendant. This matter involves a claim for damages in excess of $75,000. Accordingly, this Court has diversity jurisdiction over this matter.

4. Venue in this matter is proper in the Northern District of Alabama pursuant to 28 U.S.C. § 1391, because it is the judicial district in Alabama where the Defendant resides.

### III.
### BACKGROUND

5. This lawsuit involves an insurance coverage dispute regarding the liability coverage part of a homeowners insurance policy issued by Centauri bearing policy number CHP1028535, effective 7/12/19 – 7/12/20, for property located at 105 Chaparral Dr., Florence, AL 35630 (the "Policy"). Defendant Safford is an insured within the meaning of the policy for the purpose of the issues raised in this action.

6. This coverage dispute arises out of a lawsuit filed against Defendant by a John Doe. The lawsuit is entitled *John Doe v. Kayla Safford, et al.*, and bears Case No. 3:20-cv-00209, in the United States District Court for the Northern District of Alabama. (Referred to herein as the "Underlying Suit"). (A copy of the Plaintiff's

live pleading, the Complaint, is attached herein as Exhibit A).

7.  The facts of the Underlying Suit are set forth generally as follows:

- John Doe, plaintiff and minor at the time, alleges in his Complaint, that he was enrolled as a student at Florence High School for the 2017-2018 school year. (Exhibit A, ¶ 39).

- Safford is alleged to have been a substitute teacher assigned to Doe's welding class at Florence High School in February 2018 (Exhibit A, ¶ 45).

- Safford, while acting as Doe's substitute teacher, obtained Doe's Snapchat contact information during class, and began to message with Doe. (Exhibit A, ¶ 48). Safford began to send "flirtatious and sexually charged" messages to Doe and "at least one nude image of herself" to Doe. (Exhibit A, ¶ 49).

- On March 3, 2018, Safford contacted Doe and asked him to pick her up at a restaurant and take her, along with her friends, to a bar after 11 pm. (Exhibit A, ¶ 52).

- Doe picked up Safford and her friends and drove them to Court Street. Safford's friends exited the vehicle. Doe and Safford then drove to a nearby parking lot. Doe alleges Safford then kissed him, unzipped his pants, and "manually and orally manipulated Plaintiff's genitals and

- initiated sexual intercourse with him". (Exhibit A, ¶¶ 53-57).

- The sexual encounter was ultimately reported by Doe to the Florence Police Department, and Safford's employment at the school was terminated on March 8, 2018. (Exhibit A, ¶¶ 67-68).

- Doe alleges Safford pled guilty to sexual misconduct for her sexual encounter with Doe. (Exhibit A, ¶ 98).

- Doe alleges Safford committed an assault and battery on his person by wrongfully bringing "about harmful and offensive contact to [Doe's] person," resulting in physical and mental anguish, and severe and emotional distress. (Exhibit A, ¶¶ 103-106).

- Doe alleges that through said actions, Safford "wrongfully pried or intruded into Plaintiff's private activities, affairs, and seclusion," and that as a "direct and proximate result of the unreasonable and illegal actions of Safford, Plaintiff suffered personal injuries, physical and mental anguish, and severe emotional distress". (Exhibit A, ¶¶ 108-110). Further, Safford's conduct was intentional, willful and wanton. (Exhibit A, ¶ 111).

8. Doe seeks compensatory damages for physical injuries, severe emotional distress, punitive damages, interest, costs, expert fees, and attorney's fees. (Exhibit A, Prayer for Relief). Centauri's policy contains a limit of $100,000 for personal liability coverage. The policy also provides coverage for legal fees, etc., associated

with the defense of Safford if it is determined that Centauri has a duty to provide Safford with a defense. Given the nature of the sexual assault claims by Doe, the claim for punitive damages, and joinder of claims against multiple parties which would substantially increase the complexity of the case and increased defense costs, it is clear that the amount in controversy exceeds the sum of $75,000.

9.     All of the claims alleged by Doe against Safford in the Complaint arise out of the sexual contact between Doe and Safford.

10.    A representative on behalf of Safford previously tendered the initial Complaint, (Exhibit A), to Centauri and demanded that Centauri extend a defense to Safford against the claims in the Underlying Suit. Generally, Centauri denied Safford's request on the grounds that the Policy did not provide liability coverage for the claims asserted in the initial Complaint as no "occurrence" or accident, as mandated by the Policy, had been alleged. All of the claims arise out of the alleged sexual assault and battery and, as such, the alleged conduct of Safford did not result from an "accident". Centauri also premised its denial on the basis of the expected or intended injury exclusion, and sexual molestation exclusion. Further, the policy would not afford coverage under the Personal Injury Coverage form. In other words, Centauri declined coverage for the allegedly intentional acts committed against Doe by Safford.

11. Thereafter, by letter dated April 17, 2020, counsel wrote to Centauri on behalf of Safford to contest the coverage declination. (See Exhibit B).

12. Counsel for Centauri responded to the April 17, 2020, letter to confirm its coverage position. (*See* Exhibit C). Centauri also attached copies of all insurance policies issued to Safford and noting that Centauri's first policy issued to Safford has an inception date of July 12, 2018. *Id.* As such, Centauri did not have a liability policy in effect during the period of time in which the sexual assault and battery is alleged to have occurred in March 2018.

13. Recognizing the existence of an ongoing dispute as to whether coverage is available under the Policy for the Underlying Suit, Centauri files this action with this Honorable Court, in good faith, to obtain a declaration of its rights and obligations under the Policy as it pertains to the Underlying Suit.

## IV.
## CLAIM FOR DECLARATORY RELIEF

14. Pursuant to 28 U.S.C. § 2201, Centauri seeks a judicial declaration that the Policy does not provide coverage to Defendant for the claims asserted against Defendant in the Underlying Suit.

15. The subject of this Claim for Declaratory Relief involves a claim within the jurisdiction of this Court, ripe for judicial determination, involving a definite and concrete controversy as to the legal relations of parties under the Policy.

16. The Underlying Suit fails to set forth a claim against Safford which is covered by the Policy. (*See* policy attached to Exhibit C). The Underlying Suit does not assert an "occurrence" as defined by the Policy and as interpreted by the jurisprudence of the State of Alabama. Further, the Underlying Suit does not allege an "occurrence" during the effective dates of the Policy. Additionally, the Policy does not afford coverage for any claims asserted in the Underlying Suit for the intentional act of sexual assault and battery from which all of Doe's claims against Safford arise.

17. Centauri seeks a judicial declaration as to the rights and obligations of the parties.

## V.
## **PRAYER FOR RELIEF**

Based on the foregoing allegations, Centauri respectfully requests that this Court enter judgment in its favor declaring:

1. That the policy does not obligate Centauri to provide Defendant Safford with a Defense to the claims asserted in the Underlying Suit;

2. That the policy does not obligate Centauri to indemnify Defendant Safford against the claims asserted in the Underlying Suit; and

3. For all such other relief to which Centauri may be entitled at law or in equity.

Respectfully submitted:

/s/ George L. Morris, IV
George L. Morris, IV
ASB-9985-O73M

Attorney for Plaintiff, Centauri Specialty Insurance Company

OF COUNSEL:

CABANISS, JOHNSTON, GARDNER,
 DUMAS & O'NEAL LLP
Park Place Tower, Suite 700
2001 Park Place North
P. O. Box 830612
Birmingham, AL  35283-0612
Telephone:  (205) 716-5200
Facsimile:  (205) 716-5389
E-Mail:  glm@cabaniss.com


Defendant to be served via process server as follows:

Kayla Safford
105 Chaparral Drive,
Florence, AL 35630