SCANNED   FILED
2020 Apr-30  PM 04:03
U.S. DISTRICT COURT
APR 2 1   N.D. OF ALABAMA

LAB

**LAW OFFICES**
## SMITH, SPIRES, PEDDY,
## HAMILTON & COLEMAN, P.C.
**2015 SECOND AVENUE NORTH**
**SUITE 200**
**BIRMINGHAM, ALABAMA 35203**
www.ssp-law.com

TELEPHONE (205) 251-5885
FAX (205) 251-8642

THOMAS S. SPIRES
A. JOE PEDDY
TODD N. HAMILTON
THOMAS COLEMAN, JR.
CLARENCE RIVERS, IV
ROBERT B. STEWART*
JENNIFER W. PICKETT
ROSEMARY S. MOORE
ANGELA C. SHIELDS

* Also admitted in Mississippi
**Also admitted in Florida

Sender's Email: Tom@ssp-law.com

ETHAN R. DETTLING
JARROD B. BAZEMORE
PETER M. WOLTER
ANDREW N. KING**
JOHN M. GRAY, III
JAMES L. SPINKS
AMANDA T. ROY

•PAUL G. SMITH
(1936-2004)

Firm Administrator
DONNA C. BOWEN

April 17, 2020

Centauri Specialty Insurance Company
P.O. Box 100117
Columbia, SC 29202-3117
Attn: Cody Shealy, Litigation Specialist

> RE:   *John Doe v. Kayla Safford, et al*, Case No. 3:20-CV-209-HNJ
>       Your Claim File:      CL20200618
>       Loss Date:            02/25/2020

Dear Mr. Shealy:

Our firm represent Kelly Services, Inc. and affiliated entities and/or subsidiaries relative to the above referenced lawsuit. Our client was the employer for your insured, Kayla Safford, at the time of the allegations made the basis for this lawsuit. As part of the representation of our client, we have had the occasion to communicate with Ms. Safford relative to this matter. We have also been provided a copy of your coverage declination letter directed to Mrs. Safford dated March 16, 2020.

We write this letter on behalf of Kayla Safford and respectfully request that Centauri thoughtfully and cautiously reconsider the coverage position it has taken. To that end, we offer the following analysis of Centauri's position which details the unmistakable flaws so that this position leads to a future claim of breach of contract and/or bad faith on the part of Centauri.

We understand that you have previously been provided a copy of the complaint which was filed in the United States District Court for the Northern District of Alabama, Northwestern Division. If so, you recognize the complaint alleges the following causes of action against Kayla Safford:

Count I – Assault and Battery
Count II – Invasion of Privacy
Count III – Negligence and Negligence Per Se
Count IV – Recklessness/Wantonness
Count VI – Outrage

April 17, 2020
Page 2

The Complaint itself sets forth, in tedious detail, averments and factual contentions (Paragraphs 36- 100) supporting these causes of action and also alleges throughout that John Doe has been caused to suffer physical and mental anguish, and severe emotional distress. The allegations directed against your insured (Safford) include that she had a sexual encounter with the Plaintiff.

The Complaint also alleges that Safford made threatening comments to others with respect to the Plaintiff which, directly or indirectly, led to a hostile environment for the Plaintiff at school to the point that the Plaintiff feared for his life. Quite clearly, the Plaintiff's complaint attributes the actions of Safford, post sexual encounter, as one of the reasons he was suspended and suffered the damages (mental anguish) for which he seeks compensation.

These multi-faceted allegations and causes of actions are absent in the declination of coverage sent to Mrs. Safford on March 16, 2020. Rather, your description of the allegations of the complaint are as follows: *All of the claims asserted against you arise out of an alleged sexual assault and battery committed by you against the plaintiff.* This description of "the claims" begs the question whether or not you have investigated this matter with the appropriate care and disposition as required by Alabama law.

Your correspondence of March 16, 2020 provides that Centauri's position is that the claims do not constitute an "occurrence" under the policy, because the alleged conduct was not accidental. The correspondence goes on to explain that other cited exclusions "would apply to bar coverage", and that "because there is no coverage for the claims as pled, Centauri does not owe any obligation to provide you with a defense to the lawsuit."

Centauri's declination of coverage and analysis in support seemingly construes "the claims" and meaning of an "accident" (within definition of occurrence) with narrowest of interpretations while the exclusions are granted extraordinary breadth of operation so as to preclude coverage. As discussed below, this is not consistent with Alabama law, and we suggest that it would be prudent to promptly reconsider your reasoning.

Of first note, under Alabama law, the term "accident" has been <u>defined as an unintended and unforeseen injurious occurrence, or something that does not occur in the usual course of events that could be reasonably anticipated.</u> *Hartford Cas. Ins. Co. v. Merchs. & Farmers Bank*, 928 So. 2d 1006, 1011 (Ala. 2005). See also *Employers Insurance. Co. of Alabama v. Rives,* 87 So. 2d 653 (Ala. 1955) (the term accident has…been variously defined as something unforeseen, unexpected, or unusual.)

Your coverage declination provides no explanation for what investigation has been performed or evidence uncovered that speaks to the intentions and/or foreseeability of the incident made the basis for this lawsuit resulting in damage and/or injury. Neither is there any basis in fact provided by your declination letter supporting Centauri position that the alleged injury was intended and/or foreseen by the insured. Rather, it is wrongly explained in your letter that the claims do not constitute an occurrence "because the alleged conduct was not accidental." Therefore, not only does the investigative efforts taken by Centauri lack in the most basic of steps,

April 17, 2020
Page 3

your analysis of the policy coverage does not correctly construe its own application under Alabama law.

Please be informed that the "John Doe" that brought this action was <u>18 years old at the time of the alleged incident made the basis of this lawsuit.</u> Accordingly, under Alabama law, John Doe was over the age of consent at the time. Please bear in mind that Safford denies the allegations of the Complaint concerning the sequence of facts underlying Plaintiff's claim. Nonetheless, assuming the allegations of Plaintiff's complaint to be taken as true, it is hard to comprehend Safford could have intended or foreseen the acts of engaging with John Doe as being of such character that would lead to an injury.

For these reasons, we believe that if the coverage issue were to be litigated, it would be shown that an incident, as alleged and/or as other factual evidence will support, there was an "Occurrence" pursuant to the terms of Centauri policy.

Next, you have referenced two exclusions upon which Centauri relies to support its declination of coverage. It is important to first advise as we are sure you are aware that under Alabama law, "[a] court is required to interpret an exclusion in an insurance policy as narrowly as possible, so as to provide maximum coverage for the insured." *St. Paul Fire & Marine Ins. Co. v. Britt,* 203 So. 3d 804 (Ala. 2016).

The first of the cited exclusions is the "Expected or Intended Injury" exclusion. By its own terms, this exclusion is framed from the standpoint of the insured. As explained above, to surmise from your investigation or the allegations of the complaint that Safford intended that a sexual encounter with John Doe (over the age of consent) would result in injury of any kind, quality or degree is disingenuous. Furthermore, the same is not consistent with Alabama law.

In deciphering application of an Expected or Intended Injury exclusion, Alabama Courts have held that such an analysis is governed by a "purely subjective standard" from the standpoint of the insured. *Capital Alliance Ins. Co. v. Thorough-Clean, Inc.* 639 So. 2d 1349 (Ala. 1994). Under the subjective test, an injury is "intended" from the standpoint of the insured if the insured possessed a specific intent to cause bodily injury to another, whereas "expected" from the standpoint of the insured subjectively possessed a high degree of certainty that bodily injury to another would result from his or her act." *Id* at 1351.

With respect to the alleged incident, Centauri relies on no evidence or explanation that would support an intention or expectation of injury to anyone from the standpoint of Ms. Safford. It is also noteworthy that the complaint specifically alleges a cause of action against Safford for negligent conduct. Such a claim, pursuant to longstanding Alabama case law, excludes the idea of intentional conduct as a basis for such recovery. *Louisville & N.R. Co. v. Perkins*, 152 Ala. 133 (1907). Furthermore, given the subjective test which would govern the intent of the insured, this would be a fact question for the jury or judge. *Cotton States Mut. Ins. Co. v. Daniel,* 2008 U.S. Dist. LEXIS 94696 (M.D. Ala. Nov. 20, 2008).[1] For these reasons, to summarily decide that the exclusion applies to the claims against Safford is without support.

---

[1] There is an exception to this general rule in the case of "sexual abuse of children" which adopted the inferred-intent rule. See State Farm Fire & Casualty Co. v. Davis, 612 So. 2d 458 (Ala. 1993). However, as "John Doe" is not a child under Alabama law, and was of legal age of consent, this exception has no relevance to this case.

April 17, 2020
Page 4

The next exclusion is the "Sexual Molestation, Corporal Punishment or Physical or Mental Abuse" exclusion. Your letter expressly emphasizes this exclusion but provides no explanation for its application under the circumstances. Neither does the policy define the terms used in the subject exclusion. When construing undefined terms, the Court must give them the "everyday meaning a reasonable person of ordinary intelligence would give it." *St. Paul Fire & Marine Ins. Co. v. Britt,* 203 So. 3d 804 (Ala. 2016).

Alabama Courts, as far as our cursory research has taken us, has not revealed an Alabama case where the courts attempted to construe the meaning of "Sexual Molestation" in the context of an insurance policy exclusion. With that said, it is our belief that the meaning that would likely be assigned by reasonable persons would necessarily relate to sexually deviant acts against a minor. As explained above, that is not the case here.

However, even if you attempt to construe the term "Sexual Molestation" to extend to sexually deviant acts against adults, the same would necessarily require a lack of consent. A court in Louisiana examined a similar exclusion and, relying on Black's Law Dictionary held that "[m]olestation has been defined as the act of making unwanted and indecent advances to or on someone, especially for sexual gratification." *P.D. v. S.W.L,* 993 So. 2d 240 (La. App. 1 Cir 2008). The Court also held that this definition was indicative of the plain and generally prevailing meaning of "sexual molestation." *Id.*

With respect to the instant facts, there is no allegation in the Complaint that the alleged acts by Safford were not consented to by John Doe. Again, at the very least, whether such alleged conduct between John Doe and Safford were consensual would be a fact based inquiry that should have warranted investigation by Centauri. This is especially true when Centauri has refused to afford Safford a defense and coverage.

Beyond the meaning of sexual molestation and whether or not the facts support such an instance this case does not lend itself to an exclusion of coverage on the basis of the corporal punishment or physical or mental abuse aspects of the exclusion. If you believe otherwise, we would be interested in the arguments or explanations in support of such a position.

With respect to the above described exclusions, which have been relied upon by Centauri, insofar as the coverage dispute proceeds to litigation, it will be Centauri's burden to prove that such a claim is excluded under its policy. *State Farm Fire & Cas. Co. v. Shady Grove Baptist Church*, 838 So. 2d 1039 (Ala. 2002). From the current information and available evidence to which Centauri could reasonably rely upon, we believe it would be unable to do so at this juncture, and such effort would likely be precluded as a matter of law.

Last, we address the inclusion of the Personal Injury Coverage provisions (Coverage G) of the policy and exclusions thereto in Centauri's declination. we have yet to be provided a complete copy of the policy, but based solely on the language set forth in your letter, it is our belief that Centauri's coverage position is also flawed under these provisions.

Specifically, the policy expressly defines "Personal Injury" to include "oral or written publication of material that violates a person's right of privacy." This has been alleged in the

April 17, 2020
Page 5

Complaint of this case by Count II – Invasion of Privacy. As explained above, a separate and distinct allegation of the lawsuit against Safford is that she made threatening comments to others with respect to the Plaintiff which, directly or indirectly, led to a hostile environment for the Plaintiff at school to the point that the Plaintiff feared for his life and suffered damages.

One point of particular significance, is that you did not provide policy language which requires that "personal injury" coverage be caused by an "occurrence." To the contrary, the policy uses the term "offense" (which appears to be undefined.)    Therefore, your explanation that the lack of an "occurrence" is a basis for the denial of coverage fails absolutely in the context of Coverage G. Rather, as explained, part 5 of definition of "personal injury" squares itself with certain contentions against the insured in this case.

The exclusion you cited is also inapplicable for many of the reasons already explained herein as far as intentionality is concerned. Furthermore, as far as such allegations having arisen out of a criminal act, this is also in dispute. Although, Safford pled guilty to a misdemeanor offense, this was the product of plea bargain so that this case was never decided on the merits. Furthermore, it is my understanding that notwithstanding the plea, Safford will adamantly and sincerely contest any allegation that a crime has been committed by her at any time.

For all of these reasons, we believe that Centauri should promptly reconsider its coverage position in this matter. While you may have arguments to debate certain of the above points, what is not debatable is that under Alabama law, an insurer's duty to defend is more extensive than its duty to indemnify.

Whether an insurance company owes its insured a duty to provide a defense in a proceeding instituted against the insured is determined primarily by the allegations contained in the complaint. *Acceptance Ins. Co. v. Brown*, 832 So. 2d 1 (Ala. 2001). If there is any uncertainty as to whether the complaint alleges facts that would invoke the duty to defend, the insurer must investigate the facts surrounding the incident that gave rise to the complaint in order to determine whether it has a duty to defend the insured. *Id.*

Upon a thorough analysis and investigation, we have concluded that the complaint against your insured alleges certain claims that would be covered by the policy while others may not be covered by the policy. Under Alabama law, in such instance, the insurer is under a duty to at least defend the allegations covered by the policy. We believe that if Centauri were to conduct its own careful examination of Alabama law on the topics at hand and also had conducted a thorough investigation of the underlying events giving rise to the case, a defense would be promptly tendered.

If Centauri refuses to change its position promptly, it could find itself defending a breach of contract and bad faith failure to investigate case. We would prefer for this to be avoided. I am providing a copy of this correspondence to Ms. Safford. We appreciate your prompt consideration and request a written reply to these issues within the next 15 days.

April 17, 2020
Page 6

Respectfully,

James L. Spinks

CC:   Kayla Safford (via US Mail)

LAW OFFICES

## SMITH, SPIRES, PEDDY,
## HAMILTON & COLEMAN, P.C.

2015 SECOND AVENUE NORTH
SUITE 200
BIRMINGHAM, ALABAMA 35203

NEOPOST          FIRST-CLASS MAIL

04/17/2020
US POSTAGE $000.65⁰

ZIP 35203
041M11450685

Centauri Specialty Insurance Company
P.O. Box 100117
Columbia, SC 29202-3117
Attn: Cody Shealy, Litigation Specialist

29202-311717