UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| CENTAURI SPECIALTY INSURANCE COMPANY | * * * | CIVIL ACTION NO: 3:20-cv-00608 |
| Plaintiff, | * * | |
| v. | * * | |
| KAYLA SAFFORD | * * | |
| Defendant. | * * | |

* * * * * * * * * * * * * * * * * * * *

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

NOW INTO COURT, comes Plaintiff, Centauri Specialty Insurance Company, ("Centauri"), and files this Response in Opposition to Defendant, Kayla Safford's, Motion to Dismiss, and respectfully avers:

**I.   Statement Of Facts**

1. In this declaration action, Centauri seeks a judicial determination and/or declaration of rights determining that Centauri has no legal obligation or duty to defend or indemnify Defendant, Kayla Safford, in connection with alleged claims asserted against Defendant and several other parties in Case No. 3:20-cv-00209 (the "Underlying Suit").

2. The Underlying Suit is currently pending in the United States District Court for the Northern District of Alabama, Northwestern Division.

3.      In response to Centauri's First Amended Complaint filed in this action, Safford submitted a Motion to Dismiss arguing that this action should be dismissed because Centauri "failed to join in this action the Plaintiff in the Underlying Suit and the co-defendants in the Underlying Suit…".

## II.     Defendant's Motion To Dismiss Is Moot As To Joinder Of Plaintiff

Defendant seeks dismissal, in part, on the basis that Centauri failed to join the Plaintiff in the Underlying Suit. Since the filing of the Defendant's Motion, Centauri has conferred with Defendant and Centauri has agreed to file an amended complaint to name the Plaintiff in the Underlying Suit, John Doe, in this action. This will, in part, address Defendant's motion. As such, Defendant's basis for dismissal for non-joinder of Plaintiff, John Doe, is rendered moot. However, the parties are not in agreement as to whether the co-defendants in the underlying suit must be joined in this declaratory judgment lawsuit.

## III.    Centauri is not required to join Safford's co-defendants in the underlying suit because they are not "interested" parties

Defendant also seeks dismissal claiming that all of her co-defendants in the underlying suit are "required parties under Rule 19(a)." John Doe has asserted claims against Kelly Services, Inc., Kelly Services Global, LLC, Kelly Services USA, LLC, Florence City Board of Education, Dr. Roderick Sheppard, and Dr. Jimmy D. Shaw, Jr.

The Kelly defendants are alleged to be the staffing company that provided Defendant as the substitute teacher for John Doe's class at Florence High School. John Doe asserted a claim against the Kelly defendants for negligent and/or wanton supervision of Safford and that Kelly failed to take action to prevent Safford from committing the assault and battery on John Doe. (Doc. 4-1, ¶ 105, 122 - 125).

Claims have been asserted against Sheppard (the principal), and Shaw (superintendent of schools) for their own negligence in failing to supervise Safford, and failing to take appropriate measures to protect John Doe from death threats received by other students. (Doc. 4-1, ¶ 139-141).

John Doe sued the Florence City Board of Education under Title IX for allegedly unlawful discrimination through its "deliberate indifference to the sexual assault by Safford and the threatening and intimidating behavior of Plaintiff by other students due to his complaints of sexual assault by Safford". (Doc. 4-1, ¶ 151). Other civil rights violations have been asserted against Sheppard, Smith, and the Board for failing to appropriately protect or respond to the sexual assault and the threats made against John Doe by the student body. (Doc. 4-1, ¶¶ 169-189). These defendants have also been sued for their failure to properly train or supervise Safford. (Doc. 4-1, ¶ 171-174).

Defendant's Motion to Dismiss fails because: (1) Defendant has failed to provide sufficient information as to why the co-defendants in the Underlying Suit

are "required parties"; and (2) even if Defendant has done so, the co-defendants are **_not_** "required" or indispensable parties under law.

In her motion, Defendant makes one blanket assertion that co-defendants are "required parties" to this action. However, Defendant fails to assert **_why_** any of the co-defendants are "required parties." Under F.R.C.P. Rule 19(a), upon which Defendant places its motion, a required party must be joined if their absence would result in less than complete relief among existing parties; or if that person is not able to protect their interest.

Defendant fails to state anywhere in its shotgun motion what interests, if any, these prospective parties would have in this action. Furthermore, Defendant wholly fails to allege how this action, in their absence, would "impede or impair" any of those interests or not accord complete relief among existing parties. Broad and unspecific statements simply do not prevail as sufficient assertions to base a Rule 12(b)(7) motion based on failure to join "required parties."[1]

---

[1] *See Selective Ins. Co. of the Se. v. William P. White Racing Stable, Inc.*, No. 15-21333-CIV, 2015 WL 11237014, at *5 (S.D. Fla. Dec. 22, 2015) (moving party did not meet burden where moving party "failed to give the Court sufficient information (or any for that matter) to determine whether [co-defendant] is an indispensable party under Rule 19(a)"); *see also Nottingham v. General American Communications Corp.*, 811 F.2d 873, 880 (5th Cir. 1987) ("The burden is on the movant to show that an absent part[y] is necessary and indispensable such that the suit should be dismissed under Rule 19.").

### A.     The Co-Defendants Are NOT Indispensable Parties To This Action

Putting aside Defendant's lacking assertions, the co-defendants are still not "required" or "indispensable" parties to this action. This declaratory judgment action exists exclusively to determine the rights and obligations of Centauri to Defendant pursuant to a homeowner's insurance policy between exclusively Centauri and Defendant.

In *Ex parte Alfa Mut. Ins. Co.*, a declaration action was submitted by the insurer for the purposes of determining its obligations to an insured who was a defendant in a personal-injury action.[2] During this action, the court ruled that a co-defendant from an underlying personal-injury suit was **_not_** a "necessary party" stating that the co-defendant is not a "necessary party to the resolution of the issue whether the incident for which [the insured defendant] is seeking to have [the insurer] defend and indemnify him falls within the exclusion set forth in [the insured defendant]'s policy."[3]

Here, the only issues presented are that of Centauri's obligations to Defendant. The absence of the non-parties "will have no impact on the Court's ability to

---

[2] *Ex parte Alfa Mut. Ins. Co.*, 921 So. 2d 418 (Ala. 2005).
[3] *Id.* at 421.

determine whether [Centauri] is contractually obligated to defend and indemnify [Defendant]."[4]

Counsel for defendant may suggest these co-defendants are indispensable parties and must be joined under the proposition that if the school board or Kelly are held liable for Safford's acts, the co-defendants would have an indemnity claim against Safford. This is a theoretical argument that is not supported by the facts. *It is significant that none of the co-defendants in the underlying action have asserted a cross-claim or third-party demand seeking indemnity*.

The claims asserted against the Board, school principal and school superintendent are based on independent torts committed by those defendants, and not the acts of Safford. The claims asserted against Kelly, although vague at times, appear to be based on Kelly's own alleged negligence in failing to properly supervise Safford. The co-defendants are not being sued for the actions of Safford. There is no count pled in the complaint assert a claim of vicarious liability.  Kelly has not asserted a claim for indemnification against Safford likely because they have denied liability on the grounds that the alleged assault did not occur during the course and scope of her employment.

---

[4] *Selective Ins. Co. of the Se. v. William P. White Racing Stable, Inc.*, No. 15-21333-CIV, 2015 WL 11237014, at *4 (S.D. Fla. Dec. 22, 2015).

### IV. Ruling The Co-Defendants As Indispensable Parties Can Be Cured By Amendment

If in the event the Court determines the co-defendants must be joined in this coverage lawsuit, this deficiency can be cured by an amendment to the complaint to join these other parties. Centauri would then amended its complaint to include such defendants along with John Doe, and render the issues raised in this motion as moot.

WHEREFORE, in consideration of the foregoing arguments and proposed remedies, Centauri respectfully requests the Court deny Defendant's Motion to Dismiss.

Respectfully submitted:

/s/ George L. Morris, IV
George L. Morris, IV
ASB-9985-O73M
*Attorney for Plaintiff, Centauri Specialty Insurance Company*

OF COUNSEL:

CABANISS, JOHNSTON, GARDNER,
 DUMAS & O'NEAL LLP
P. O. Box 830612
Birmingham, AL  35283-0612
Telephone:  (205) 716-5200
Facsimile:  (205) 716-5389
E-Mail:  glm@cabaniss.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

J. Michael Tanner
Hall Tanner Hargett P.C.
201 S. Court St., Suite 320
Florence, AL 35630
Tel: 256-381-7750
Fax: 256-381-4449
*Attorney for Defendant Kayla Safford*

                                                     */s/* George L. Morris, IV