FILED
2021 Jun-01 PM 04:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| CENTAURI SPECIALTY INSURANCE COMPANY | * * * | CIVIL ACTION NO: 3:20-cv-00608 |
| Plaintiff, | * * | |
| v. | * * | |
| KAYLA SAFFORD | * * | |
| Defendant. | * * | |

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

NOW INTO COURT, comes Plaintiff, Centauri Specialty Insurance Company, ("Centauri"), and files this Response in Opposition to Defendant, Kayla Safford's ("Safford"), Motion to Dismiss.

### I.   Statement Of Facts

1.   In this declaratory action, Centauri seeks a judicial determination and/or declaration of rights determining that Centauri has no legal obligation or duty to defend or indemnify Defendant, Kayla Safford, in connection with alleged claims asserted against Defendant and several other parties in Case No. 3:20-cv-00209 (the "Underlying Suit").

2.   The Underlying Suit is currently pending in the United States District Court for the Northern District of Alabama, Northwestern Division.

1

3. In response to Centauri's First Amended Complaint filed in this action, Safford submitted a Motion to Dismiss arguing that this action should be dismissed because Centauri "failed to join in this action the Plaintiff in the Underlying Suit and the co-defendants in the Underlying Suit…".

4. This Honorable Court denied Safford's Motion to Dismiss and granted Centauri leave to file an Amended Complaint naming the "John Doe" plaintiff ("Doe") in the Underlying Suit as a defendant in this suit. (Doc. 19). In accordance with the Order, Centauri filed a Second Amended Complaint for Declaratory Judgment naming Doe as a Defendant. (Doc. 22).

5. Doe executed a Waiver of the Service of Summons of the Second Amended Complaint on May 3, 2021, and has until July 2, 2021, to file responsive pleadings. (Doc. 25).

6. Safford submitted a second Motion to Dismiss, now arguing for the first time that this action should be dismissed because the question of Centauri's duty to indemnify Safford in the underlying suit is not ripe for judicial determination and the Court lacks subject matter jurisdiction regarding Centauri's duty to defend Safford.

II. **The Determination of Centauri's Duty to Indemnify is Ripe for Adjudication by the Court**

Safford asserts Centauri's duty to indemnify her in the Underlying Suit is not ripe "until the underlying suit is resolved or [Safford's] liability is established."

2

However, Safford relies primarily on case law where an insurer's duty to defend was not before the court or where the court declined to rule on the insurer's duty to defend.  Recognizing that an insurer's duty to defend is broader than its duty to indemnify, U.S. District Courts in Alabama have found, "where an insurer seeks a declaratory judgment regarding its duty to defend, 'the jurisdictional ripeness requirements are met' as to claims regarding the duty to indemnify." *Am. Builders Ins. Co. v. Riverwood Constr., LLC*, No. 2:19-CV-01757-SGC, 2020 WL 5548803, at *2 (N.D. Ala. Sept. 16, 2020) (quoting *Tuskegee Univ. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 18-034, 2018 WL 3873584, at *2 (M.D. Ala. Aug. 15, 2018); See also, *Grange Mutual Cas. Co. v. Indian Summer Carpet Mills, Inc.*, No. 17-1263-ACA, 2018 WL 3536625 (N.D. Ala. July 23, 2018), *Auto-Owners Ins. Co. v. McMillan Trucking Inc.*, 242 F. Supp. 3d 1259, 1266 (N.D. Ala. 2017) ("If there is no duty to defend, there is also no duty to indemnify.")

As to the cases cited by Plaintiff, the insurers in *Mid-Continent Casualty Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 Fed.Appx. 768 (11th Cir. 2019) did not request declaratory relief concerning their duties to defend.  In *American Fidelity & Cas. Co. v. Pennsylvania Thresherman & Farmers Cas. Ins. Co.*, 280 F.2d 453 (5th Cir. 1960), the Fifth Circuit, at a time when it included the District Courts of Alabama, found the apportionment of liability among multiple insurers was not appropriate for a declaratory action after the trial court ruled the plaintiff

3

insurer owed the insured a defense. *Nationwide Ins. v. Zavalis*, 52 F. 3d 689 (7th Cir. 1995), is a case from the Seventh Circuit applying Pennsylvania state law regarding the insurer's duties to defend and indemnify.

The U.S. District Courts of Alabama and the Eleventh Circuit have consistently held that an insurer's petition for a declaration regarding its duty to indemnify is ripe when the court is also considering the insurer's duty to defend. This is the case in the present action and the issue of Centauri's duty to indemnify is accordingly ripe for consideration by this Court.

### III. The Court has Subject Matter Jurisdiction to Adjudicate Centauri's Duty to Defend Safford in the Underlying Suit

Safford now asserts for the first time that the Court lacks subject matter jurisdiction because Centauri has not established the amount in controversy exceeds $75,000.00. In a suit for declaratory relief, "the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *SUA Ins. Co. v. Classic Home Builders, LLC*, 751 F. Supp. 2d 1245, 1251 (S.D. Ala. 2010) (quoting *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003)). "[T]he pecuniary value of the obligation to defend the separate lawsuit is properly considered in determining the existence of the jurisdiction amount . . ." *Id.* (quoting *Stonewall Insurance Co. v. Lopez*, 544 F.2d 198, 199 (5th Cir.1976)). Accordingly, the amount in controversy includes both

4

Centauri's potential liability to Doe in the underlying suit and the potential cost to defend Safford.

In the Underlying Suit, Doe alleges twelve separate causes of action against seven separate defendants. (Doc. 1-1). She is also seeking punitive damages, judicial interest, costs, expert fees, and attorneys' fees. (Doc. 1-1, p. 37). If Doe prevails in the Underlying Suit, Centauri's potential liability would easily exceed $75,000.00. As to the cost to defend the suit, the Court's Scheduling Order reflects the complexity of the suit and Safford's defense. The Court has allowed up to 15 depositions by both Plaintiff and Defendants of up to 7 hours each. (Exhibit "1," Underlying Suit Scheduling Order of 6/22/20). The multiple parties can be expected to file numerous dispositive and evidentiary motions. The trial would involve a great deal of evidence, numerous witnesses, and is estimated to last three to four days. (Exhibit A).

Further, Doe, who is now a party to this lawsuit, must admit or deny in his Answer whether his claim for damages exceeds $75,000.00. Doe must also provide a computation of his damages in his Rule 26(a)(1) Disclosures. Plaintiff has requested Doe's Rule 26(a)(1) Disclosures from the Underlying Suit, any discovery responses setting forth an amount of claimed damages, or a statement whether Doe is seeking in excess of $75,000.00 in the Underlying Suit. However, Doe has not responded to Plaintiff's requests. Plaintiff maintains it has shown that its defense

costs and potential liability in the Underlying Suit exceed the amount required for this Court's jurisdiction. Regardless, Doe, a party to this lawsuit, has already been required to disclose the amount of damages he is seeking in the Underlying Suit and will be required to do so again in the present suit within the month. In the event the Court finds Plaintiff has not shown the amount in controversy exceeds $75,000.00, Plaintiff asks the Court to require Plaintiff to admit whether he is seeking in excess of $75,000.00 in the Underlying Suit in his Answer or state the amount of damages he is seeking in a response to this motion.

WHEREFORE, in consideration of the foregoing arguments and proposed remedies, Centauri respectfully requests the Court deny Defendant's Motion to Dismiss, or in the alternative, continue the consideration of the motion until such time as defendant John Doe has set forth the amount of damages he is seeking in the Underlying Suit.

Respectfully submitted:

*Attorneys for Plaintiff, Centauri Specialty Insurance Company:*

s/ George L. Morris, IV
George L. Morris, IV
ASB-9985-O73M
PHELPS DUNBAR LLP
P. O. Box 830612
Birmingham, AL  35283-0612
Telephone:  (205) 716-5200
Facsimile:  (205) 716-5389
E-Mail: george.morris@phelps.com

                                              James J. Nader
                                              Charles R. Rumbley
                                              Benjamin J. Russell
                                              LOBMAN, CARNAHAM, BATT,
                                                  ANGELLE & NADER
                                              400 Poydras Street, Suite 2300
                                              New Orleans, LA  70130
                                              (*Admitted Pro Hac Vice*)

# **CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

J. Michael Tanner
Hall Tanner Hargett P.C.
201 S. Court St., Suite 320
Florence, AL 35630
Tel: 256-381-7750
Fax: 256-381-4449
*Attorney for Defendant Kayla Safford*

I hereby certify that I have mailed by United States Postal Service the foregoing document to the following:

Rebeka Keith McKinney
Watson McKinney, LLP
200 Clinton Avenue, W., Ste. 110
Huntsville, AL 35801
Tel: (256) 536-7423
*Attorney for Defendant John Doe*

Cooper Shattuck
Cooper Shattuck, LLC
P.O. Box 3142
Tuscaloosa, AL 35403
Tel: (205) 394-3200
*Attorney for Defendant John Doe*

*/s/* **George L. Morris, IV**